IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 08-cv-00068-WYD-MJW

PRECISION AIRMOTIVE LLC, a Washington limited liability company,

    Plaintiff,

v.

MARVEL-SCHEBLER FLOAT CARBURETOR MODEL MA-4-5, PN 1044-4, SN R7-4690,
DONALD SOMMER,
APS AVIATION, LLC and
DANIEL J. WIRT,

    Defendants.

## ORDER

THIS MATTER is before the Court on Plaintiff's Motion for Temporary Restraining Order, filed January 11, 2008 (docket #2) (the "motion"). A hearing concerning the allegations raised in the motion was held on Monday, January 14, 2008.

By way of background, on January 24, 2008, a Piper aircraft piloted by Defendant Daniel Wirt was involved in an accident in Michigan. The engine and carburetor were removed from the aircraft after the accident. After entering into a settlement agreement with APS Aviation, LLC, Defendant Wirt is the owner of the aircraft. In the motion, Plaintiff requests immediate injunctive relief to enjoin the Defendants or their representatives, agents and employees from disassembling an aircraft carburetor prior to allowing Plaintiff the opportunity to inspect the carburetor

-1-

and conduct any possible functional tests. Importantly, no lawsuit has been filed as a result of the subject aircraft accident, and Plaintiff has not been named as a defendant in any litigation related to the accident.

Issuance of a temporary restraining order is subject to the court's discretion. *Hinkel Dry Goods Co. v. Wichison Indus. Gas Co.*, 64 F.2d 881, 883 (10th Cir. 1933). Where the opposing party has notice, the procedure and standards for issuance of a temporary restraining order mirror those for a preliminary injunction. 11A Charles Alan Wright, Arthur Miller & Mary Kay Kane, Federal Practice and Procedure § 2951 (2d ed. 1995). Application for a preliminary injunction requires:

> (1) the movant will suffer irreparable harm unless the injunction issues;
> (2) there is a substantial likelihood the movant ultimately will prevail on the merits;
> (3) the threatened injury to the movant outweighs any harm the proposed injunction may cause the opposing party; and
> (4) the injunction would not be contrary to the public interest.

*ACLU v. Johnson*, 194 F.3d 1149, 1155 (10th Cir. 1999). If an injunction would "alter the status quo," the above factors must "weigh heavily and compellingly" in the movant's favor. *SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1098-99 (10th Cir. 1991). For the reasons stated on the record, I find that Plaintiff has failed to show that it will suffer irreparable harm if its request for a temporary restraining order is denied. I further find that since there is no litigation pending and Plaintiff has not been named as a defendant in any lawsuit related to the subject aircraft accident, Plaintiff has failed to demonstrate it has a substantially likelihood of success on the merits of its claims.

In conclusion, it is hereby

ORDERED that Plaintiff's Motion for Temporary Restraining Order (docket #2), filed January 11, 2008 is **DENIED**. It is

FURTHER ORDERED that the Plaintiff shall advise the Court in writing by **Wednesday, January 23, 2008,** as to whether this case should be dismissed or treated as an active case. If there is no response, this case will be administratively closed without further notice to the parties.

Dated: January 17, 2008

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge